UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN BARNES, JR.,

    Petitioner,

-vs-                                                  Case No.    8:22-cv-901-WFJ-AEP

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Mr. Barnes, a Florida pretrial detainee, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). According to the petition, Mr. Barnes is unlawfully detained because he is actually innocent of the crimes for which he is charged. As relief, he seeks immediate release from detainment and dismissal of the pending criminal charges.

### Discussion

As a state pretrial detainee, Mr. Barnes may challenge his confinement as unconstitutional by petitioning for the writ of habeas corpus under § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). This Court concludes, however, that the petition should be dismissed because the *Younger* abstention doctrine precludes the Court from interfering with the ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971).

"When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004). "[I]n the interests of comity, federal courts abstain from becoming involved in [] state court proceeding[s] with few exceptions. 'Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.' *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971)." *Solomon v. Manuel*, 2011 U.S. Dist. LEXIS 125689, at *2 (N.D. Fla. Oct. 4, 2011). Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing *Younger*). Under *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes*, 377 F.3d at 1263 n.6 (citing *Younger*, 401 U.S. at 45, 53-54).

At best, Mr. Barnes asserts bad faith prosecution because he contends he is actually innocent of the offenses and claims to have a plausible explanation for the events that led to the charges. Mr. Barnes, however, has given the Court no reasonable basis to question that his criminal proceedings will provide him with an adequate opportunity to vindicate his federal constitutional rights, and therefore no reason to take the extraordinary step of

enjoining those proceedings. Without showing extraordinary circumstances, this Court declines to interfere in the ongoing state criminal proceedings.

Accordingly:

1. The petition for the writ of habeas corpus (Doc. 1) is **DISMISSED**.

2. Mr. Barnes is **DENIED** a certificate of appealability ("COA") because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Mr. Barnes may request issuance of a COA from the Eleventh Circuit Court of Appeals. Finally, because Mr. Barnes is not entitled to a COA, he may not appeal *in forma pauperis*.

3. The **Clerk** must close this case.

**ORDERED** at Tampa, Florida, on April 21, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: Kevin Barnes, Jr., *pro se*